**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 12-cv-3320-RPM

JACQUES BOURRET,

      Plaintiff,

v.

ASPECT MANAGEMENT CORPORATION,
ASPECT HOLDINGS, LLC,
ASPECT ENERGY, LLC, and
ASPECT ENERGY INT'L, LLC,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION DUE TO WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE AND REQUEST FOR *IN CAMERA* REVIEW BASED ON THE CRIME-FRAUD EXCEPTION**

---

      Plaintiff Jacques Bourret seeks an order requiring Defendants to produce certain documents. [*See* Doc. 25 (restricted).] Defendants oppose Plaintiff's Motion on the grounds of attorney-client privilege. Plaintiff contends that, for one set of documents, Defendants waived the privilege, and that, for another, the privilege does not apply because of the crime-fraud exception.

      In the course of discharging its discovery obligations, Aspect created a 200-page privilege log and produced it to Bourret. A week later, Aspect produced 35 documents from the log that it "preliminarily designated as privileged," but then, "upon further review, determined would be produced." Nine days later, when Bourret attempted to use one of the 35 documents during a deposition, defense counsel objected, claiming that the document was

privileged and had been inadvertently produced. Aspect then re-designated 21 of the 35 documents as subject to the attorney-client privilege.

Bourret seeks to compel the production of these 21 documents on the basis that Aspect, by initially designating them as privileged, then de-designating them and producing them, knowingly and deliberately waived the privilege. It is clear that Defendants' counsel intended to redact the documents in its document production, but failed to do so because of a miscommunication and a clerical mistake. [*See* Doc. 34 at 6-9 (restricted).]

This inadvertence implicates Section 19 of the April 2 Confidentiality Order, which provides:

> 19. If the Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall hereafter assert that such disclosure waived any privilege or immunity.

Defense counsel learned that it had produced documents containing privileged, unredacted e-mails during a deposition on Friday, June 14, and immediately requested that Bourret's counsel return them. Defense counsel then worked over the weekend to determine how the documents had been produced and uncovered the redaction error. Defense counsel prepared and sent a letter to Aspect on Sunday, June 16, detailing their mistake. This satisfied Defendants' obligation under the Confidentiality Order to "promptly . . . advise" Aspect that it had inadvertently disclosed the documents. There was no waiver of the privilege.

Bourret contends that another set of documents should be produced because they are subject to the crime-fraud exception to the attorney-client privilege. Bourret claims that the documents show Aspect executives colluding with each other and their attorneys to violate the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. § 78dd-1 *et seq*. Upon review, it is

readily apparent that the documents show a good-faith effort by Aspect executives to avoid an actual violation of the FCPA or even the mere appearance of such a violation. Bourret's argument to the contrary is without merit.

For the foregoing reasons, it is,

ORDERED that Plaintiff's Motion to Compel Production Due to Waiver of Attorney-Client Privilege and Request for *In Camera* Review Based on the Crime Fraud Exception be denied.

Dated: November 13, 2013

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge