**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 12-cv-3320-RPM

JACQUES BOURRET,

    Plaintiff,

v.

ASPECT MANAGEMENT CORPORATION,
ASPECT HOLDINGS, LLC,
ASPECT ENERGY, LLC, and
ASPECT ENERGY INT'L, LLC,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

In this civil action, Plaintiff Jacques Bourret claims that he is entitled to 1.5 percent of the profits from a Production Sharing Contract awarded to Defendants ("Aspect") by the Kurdistan Regional Government on November 10, 2007 for an area known at the Atrush block. Bourret's claims are for breach of contract, breach of the implied contractual covenant of good faith and fair dealing, and unjust enrichment/quantum meruit. Defendants have moved for summary judgment of dismissal.

According to Plaintiff, he and Aspect reached an oral agreement during a May 29, 2007 meeting providing that he would receive monthly compensation of $25,000, life insurance, living expenses, and "1.5 percent of the profits from any project in the Middle East originating from his work." [Doc. 64 at 14.] The parties subsequently negotiated a $5,000 raise in Bourret's monthly compensation in exchange for Bourret working

exclusively for Aspect. Aspect then e-mailed Bourret a Consulting Agreement dated June 13. The Agreement states that Bourret would receive monthly compensation of $30,000, life insurance, living expenses, and "1.5% of the net profits . . . in any project originating from [his] direct and substantial work." [Doc. 64, Ex. 39 at 2.] Bourret replied to the e-mail: "Sounds good. I am ready to go!" [Doc. 49, Ex. 4.] Neither Bourret nor a representative of Aspect signed the Agreement.

Plaintiff argues that the May 29, 2007 oral agreement he reached with Aspect is an enforceable contract, while Defendants contend that the parties' June 13 Consulting Agreement governs. The existence of a contract "is a question of fact to be determined by consideration of all the circumstances." *Compton v. Lemon Ranches, Ltd.*, 972 P.2d 1078, 1080 (Colo. App. 1999). Consequently, when evidence regarding a contract's existence "is conflicting or admits of more than one inference, it is for the jury to decide whether a contract in fact exists." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 887 (Colo. 1986). At the same time, "[t]here can be no binding contract if it appears that further negotiations are required to work out important and essential terms." *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1248 (Colo. App. 2001) (citing *Am. Mining Co. v. Himrod-Kimball Mines Co.,* 235 P.2d 804 (Colo. 1951)).

Here, Bourret testified that he and Aspect initially set his monthly compensation at $25,000 during their May 29, 2007 meeting. Aspect then sent Bourret a consulting agreement dated June 3 reflecting that amount. Aspect subsequently contacted Bourret stating that Cranberg wanted Bourret to work exclusively on Aspect's behalf. Bourret replied: "Okay, then I would want an adjustment to 30,000." [Doc. 49, Ex. 3 (Bourret Dep. 62:2-24).] The June 13 Consulting Agreement reflected this negotiation: Bourret and

Aspect were exclusive, and, in return, Bourret's monthly compensation went up $5,000. Bourret flatly states that Aspect offered and he accepted the agreement on May 29, but his own testimony shows that, after May 29, the parties materially changed the nature of his engagement and how much he was to be paid. Those are clearly important and essential terms of the parties' agreement. Accordingly, even under Plaintiff's version of events, the May 29 oral agreement cannot, as a matter of law, constitute an enforceable contract.

Plaintiff argues that the June 13 Consulting Agreement cannot be enforced because it is unsigned and not in final form. "Common law contract principles . . . allow for the formation of contracts without the signatures of the parties bound by them." *Yaekle v. Andrews*, 195 P.3d 1101, 1107 (Colo. 2008) (en banc). An agreement on essential terms as required to establish a contract can be inferred from the parties' conduct and oral statements. *I.M.A., Inc. v. Rocky Mtn. Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1987). Here, the undisputed facts show that Bourret held the June 13 Consulting Agreement out as his contract with Aspect: he referred to it as such in a February 2012 e-mail to Aspect, he provided copies of the Agreement to prospective employers and a bank as proof of employment or income, and he testified during his deposition that it reflects the agreement he reached with Aspect on May 29, along with the monthly compensation and exclusivity amendments. [*See* Doc. 74 at 2-4.] Therefore, the June 13 Consulting Agreement constitutes the parties' contract.

Defendants assert that Bourret did not perform his end of the contract. In Aspect's formulation, there is no genuine issue of fact "as to whether Bourret 'originated' Aspect's activities in Kurdistan so as to entitle him to the additional payment he demands." [Doc. 47 at 13.] But the June 13 Consulting Agreement does not condition Bourret's 1.5% interest on

originating "activities" in a country, but rather on originating "any project" through his "direct and substantial work." And in that regard, there are genuine disputes of material fact as to whether Bourret's direct and substantial work "originated" the Atrush project. Therefore, summary judgment is not warranted on Bourret's breach of contract claim.

Colorado law recognizes that "[e]very contract contains an implied duty of good faith and fair dealing." *City of Boulder v. Public Serv. Co.*, 996 P.2d 198, 204 (Colo. App. 1999); *see also Alpine Bank v. Hubbell*, 555 F.3d 1097, 1104 (10th Cir. 2009). The covenant applies "only when the manner of performance under a specific contract term allows for discretion on the part of either party." *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995). The Court concludes that there is a genuine dispute of material fact as to whether Aspect breached this duty by exercising its discretion under the June 13 Consulting Agreement in bad faith. Thus, summary judgment is denied as to this claim.

This leaves Bourret's unjust enrichment/quantum meruit claim. "Unjust enrichment is a theory of recovery that involves an implied contract at law when the parties either have no express contract or have abrogated it." *Bedard v. Martin*, 100 P.3d 584, 591-92 (Colo. App. 2004). With two exceptions not applicable here, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter. *Id.* Here, Aspect argues in its Motion for Summary Judgment that the June 13 Consulting Agreement is an express contract that covers the same subject matter Bourret is complaining of, thereby precluding an unjust enrichment/quantum meruit claim. In his Response, Bourret states that because Aspect acknowledges that it "was contractually required to pay plaintiff 1.5% of profits if he originated the Atrush project, . . . the unjust

4

enrichment claim is moot." [Doc. 64 at 21.] The Court considers Bourret's failure to contest Aspect's arguments as a withdrawal of this claim.

Upon the foregoing, it is,

ORDERED that Defendants' Motion for Summary Judgment is granted in part and denied in part. Plaintiff's unjust enrichment/quantum meruit claim is dismissed with prejudice.

Dated: November 19, 2013

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge