**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 12-cv-3320-RPM

JACQUES BOURRET,

    Plaintiff,

v.

ASPECT MANAGEMENT CORPORATION,
ASPECT HOLDINGS, LLC,
ASPECT ENERGY, LLC, and
ASPECT ENERGY INT'L, LLC,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO ADD CLAIMS FOR FRAUD AND EXEMPLARY DAMAGES**

---

Plaintiff Jacques Bourret seeks leave to file a second amended complaint adding claims for fraudulent misrepresentation and fraudulent concealment and a prayer for exemplary damages. Defendants ("Aspect") oppose the Motion.

The parties' consulting agreement called for Bourret to provide services "relating primarily to the Company's participation in oil and gas activities in the Middle East," and it entitled him to "1.5% of the net profits . . . in any project originating from [his] direct and substantial work." [Doc. 44, Ex. A at 1-2.] Bourret contends that the June 14, 2013 deposition testimony of Alex Cranberg, Aspect's CEO, is the basis for adding these claims, as it reveals that Aspect's promise to pay Bourret for any project he originated in the Middle East was falsely made because Aspect knew and failed to disclose that the work it had

already done in Kurdistan would lead to a denial of any claim Bourret might make for originating the Atrush project.

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given absent "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). A proposed amended complaint is futile if it would be dismissed on summary judgment. *E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). Aspect raises futility as the sole basis for denying Bourret's Motion, contending for a few reasons that none of the proposed claims would survive summary judgment. The Court will accordingly construe the record and draw all reasonable inferences in Bourret's favor.

Aspect argues that Bourret cannot prove three common elements of his fraudulent misrepresentation and fraudulent concealment claims: (1) that the misrepresented or concealed fact was "material"; (2) that Aspect acted with culpable intent; and (3) that Bourret's reliance on Aspect's misrepresentation and concealment was justified. [*See* Doc. 44 at 9-11.] These elements involve questions of fact that should be determined by the factfinder unless reasonable minds could not differ. *See Wagnon v. State Farm Fire and Casualty Co.*, 146 F.3d 764, 768 (10th Cir. 1998) (materiality); *Baum v. Great W. Cities, Inc., of N.M.*, 703 F.2d 1197, 1210-11 (10th Cir. 1983) (intent); *Balkind v. Telluride Mtn. Title Co.*, 8 P.3d 581, 587 (Colo. App. 2000) (justifiable reliance). For each element, there are disputed issues of material fact that could lead reasonable minds to differ, including the parties' intentions as to the scope of the consulting agreement and Bourret's work; Bourret's

knowledge of Aspect's activities in Kurdistan at the time he entered into the agreement; and whether Aspect intended to mislead him by implying in the language of the agreement that it would pay him if he originated a project there.  Therefore, leave to amend is not futile.

With regard to Bourret's proposed fraudulent nondisclosure claim, Aspect asserts that it had no duty to disclose that Kurdistan was effectively off limits for Bourret to receive an origination fee.  [*See* Doc. 44 at 12.]  Under Colorado law, a duty to disclose arises if the defendant, *inter alia*, (1) stated some but not all material facts, knowingly creating a false impression; or (2) promised to perform an act knowing that undisclosed facts made his performance unlikely.  CJI-Civ. 19:5 (2013).  There is a genuine dispute as to whether Aspect knew that, by promising to pay Bourret an origination fee for any project in the Middle East, it knowingly created a false impression that the promise included projects in Kurdistan; and whether it promised to pay for Bourret's work anywhere in the Middle East knowing that it would subsequently take the position that it—and not Bourret—had originated any project acquired in Kurdistan.  Again, amendment is not futile.

To recover punitive or exemplary damages under Colorado law, a plaintiff must show that "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct."  Colo. Rev. Stat. § 13-21-102(1)(a).  Aspect argues that there is no basis to add Bourret's proposed prayer for exemplary damages because his proposed fraud claims cannot withstand summary judgment.  [Doc. 44 at 13.]  But as discussed above, the Court concludes that summary judgment on the fraud claims would be inappropriate.  Therefore, adding the prayer for exemplary damages is warranted.

Upon the foregoing, it is

4

ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint to Add Claims for Fraud and Exemplary Damages [Doc. 32] is granted. The Second Amended Complaint tendered therewith is ordered filed.

Dated: December 5, 2013

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior District Judge